STATE EX REL. GEYMAN, RELATOR, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 1,811.)

(Submitted April 28, 1902.   Decided April 29, 1902.)

*Mines and Mining—Inspection and Survey of Mine—Power of Court to Grant.*

Section 1317 of the Code of Civil Procedure is not applicable where the petitioner asserts no interest in the property of which inspection is sought, or through which entry is necessary to inspect adjoining property.

*Certiorari* by the state, on the relation of Charles Geyman, against the district court of the Second judicial district of Montana, Hon. E. W. Harney, judge thereof, to review an order made by the court.   Order annulled.

*Messrs. McBride & McBride,* for Relator.

*Messrs. Forbis & Mattison, Messrs. McHatton & Cotter,* and *Mr. John Lindsay,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari* to have reviewed and annulled an order made by the district court of Silver Bow

county on April 18, 1902, permitting one Hubert to enter certain of the underground workings of the Yankee Boy lode claim, belonging to the relator herein, and to make inspection and survey thereof.

Hubert, in his petition filed in the district court, alleged ownership of adjoining property, but claimed no interest in the Yankee Boy premises. The purpose sought by the survey was to discover whether the relator had entered, by means of his underground workings, beneath the surface of Hubert's property and removed ore therefrom. No suit was pending between the parties. The order was made upon the theory that the court was authorized to grant it under Section 1317 of the Code of Civil Procedure. This section was construed in *State ex rel. Anaconda Copper Mining Co.* v. *District Court et al.* (No. 1,759), 26 Mont. 396, 68 Pac. 570, and in *State ex rel. Anaconda Copper Mining Co.* v. *District Court et al.* (No. 1,775), 26 Mont. 412, 68 Pac. 1134, decided at the present term. It was there held that this section has no application to a case in which the petitioner asserts no interest in the property of which inspection is sought, or through which entry is necessary to inspect adjoining property. Under authority of those cases, the order under consideration was without jurisdiction, and must be annulled. It is so ordered.